AO 450 (GAS Rev 10/03) Judgment In a Civil Case

# United States District Court
## Southern District of Georgia

Franklin L. Blige

JUDGMENT IN A CIVIL CASE

v.

CASE NUMBER: CV405-035
CR499-18

United States of America

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☑ **Decision by Court.** This action came before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that in accordance with the Court's Order dated May 10, 2005, adopting the Magistrate Judge's Report and Recommendation as the opinion of the Court and dismissing Petitioner's habeas corpus petition as untimely: Judgment is hereby entered dismissing this case with prejudice.

E.O.D.

5/10/05
DATE

| May 10, 2005 | Scott L. Poff |
|---|---|
| Date | Clerk |

/s/ Kallei Stephen
(By) Deputy Clerk

GAS Rev 10/03

FRANKLIN L. BLIGE, )
  )
    Petitioner, )
  )
v. ) CASE NO. CV405-35
  )
UNITED STATES OF AMERICA, )
  )
    Respondent. )
_____)

## O R D E R

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that Petitioner's habeas corpus petition be dismissed as untimely. (Doc. 4.) In his Objections, Petitioner contends that his untimeliness should be excused under the doctrine of "actual innocence." As a general rule, a federal court will not entertain a procedurally defaulted claim for habeas corpus relief in the absence of a showing of cause and prejudice to excuse the default. Dretke v. Haley, 541 U.S. 386, ___, 124 S. Ct. 1847, 1849, 158 L. Ed. 2d 659 (2004). The United States Supreme Court has recognized "a narrow exception to the general rule when the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense or, in the capital sentencing context, of the aggravating circumstances rendering the inmate eligible for the death penalty." Id. (citing Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); Sawyer v. Whitley, 505 U.S. 333, 112 S. Ct. 2514, 120 L. Ed. 2d 269

(1992)). However, the Court has declined to answer the question posed by Petitioner's Objections: whether the actual innocence exception should be applied to a habeas petition when the petitioner claims that he is innocent of aggravating circumstances rendering an enhanced but noncapital sentence. See Drekte, 124 S. Ct. at 1849 (declining to answer whether actual innocence exception applied to petitioner's untimely challenge of habitual felony offender status); see also Sibley v. Culliver, 377 F.2d 1196, 1206 n.8 (11th Cir. 2004) (citing Drekte and noting that question of whether actual innocence could be used to attack noncapital sentence was unanswered).

Assuming that the doctrine could apply to Petitioner's petition, the Court finds that he has not made a showing of actual innocence. To have a sentence overturned due to actual innocence, a petitioner must show that he is "innocent" of the sentence because none of the aggravating factors legally necessary for the invocation of the sentence applied. Sibley, at 1205. Petitioner attempts to carry this burden by claiming that he is innocent of the factors necessary for the enhancement of his sentence under 18 U.S.C. § 924(e). Specifically, he claims that his state conviction for felony third degree burglary does not constitute a violent felony because it did not involve a potential risk of physical injury to another.

Petitioner misreads § 924(e). The subsection defines a violent felony as a crime punishable by imprisonment for a term exceeding one year that is "burglary, arson, or extortion, involves

2

use of explosives, or otherwise involves conduct that involves a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). Petitioner's crime having posed a risk of physical injury to another is an alternative means of classifying it as a violent felony, not a requirement. Under the express terms of § 924(e), all burglary convictions punishable by imprisonment for a term exceeding one year are considered violent felonies. Accordingly, Petitioner's state conviction for felony third degree burglary fits the definition of a violent felony, and, therefore, his claim that he is innocent of the factors necessary for the enhancement of his sentence under 18 U.S.C. § 924(e) fails. Consequently, the untimeliness of Petitioner's habeas petition cannot be excused by the doctrine of actual innocence. The Court adopts the Report and Recommendation of the Magistrate Judge, and Petitioner's petition for habeas relief is **DISMISSED WITH PREJUDICE**.

SO ORDERED, this 10th day of May, 2005.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

# United States District Court
## Southern District of Georgia

Franklin L. Blige

)

vs ) CASE NUMBER CV405-035

United States of America ) DIVISION SAVANNAH

)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 5/10/05 , which is part of the official record of this case.

Date of Mailing: 5/10/05

Date of Certificate  [X] same date, or _____

Scott L. Poff, Clerk

By _____
Deputy Clerk

Name and Address

Franklin L. Blige, 06561-021, USP McCreary, P.O. Box 3000, Pine Knot, KY 42635
Amy Lee Copeland, U.S. Attorney's Office, P.O. Box 8970, Savannah, GA 31412
CRIMINAL

[ ] Copy placed in Minutes
[X] Copy given to Judge
[ ] Copy given to Magistrate